# United States Court of Appeals
## For the First Circuit

No. 12-2145

MYRNA COLÓN-MARRERO,

Plaintiff - Appellant,

v.

HÉCTOR J. CONTY-PÉREZ, as President of the Puerto Rico State Elections Commission;
EDWIN MUNDO-RÍOS, as Electoral Commissioner of the New Progressive Party (NPP);
EDER E. ORTIZ-ORTIZ, as Electoral Commissioner of the Popular Democratic Party (PDP);
ROBERTO I. APONTE-BERRÍOS, as Electoral Commissioner of the Puerto Rico Independence
Party (PIP); JULIO FONTANET-MALDONADO, as Electoral Commissioner of the
Movimiento Unión Soberanista (MUS); ADRIAN DÍAZ-DÍAZ, as Electoral Commissioner of
the Puertorriqueños por Puerto Rico (PPR); CARLOS QUIRÓS-MÉNDEZ, as Electoral
Commissioner of the Partido del Pueblo Trabajador (PPT),

Defendants - Appellees.

Before
Lynch, Chief Judge,
Torruella, Boudin, Lipez, Howard and Thompson,
Circuit Judges.

**ORDER OF COURT**
**Entered:  October 24, 2012**

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be underlined denied.

**TORRUELLA, Circuit Judge, dissenting**. This is clearly a case of exceptional importance and rehearing en banc should be granted pursuant to Fed. R. App. P. 35(b)(1)(B).  The right to vote

of 330,902 United States citizens for the only federal office that gives a voice to the citizens of Puerto Rico before Congress is at stake.

As recently as last Friday, this Court issued a per curiam opinion stating that, "[i]n the First Amendment context, the likelihood of success on the merits is the linchpin of the preliminary injunction analysis. As the Supreme Court has explained, '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.' Elrod v. Burns, 427 U.S. 347, 373 (1976)." Sindicato Puertorriqueño de Trabajadores v. Fortuño, No. 12-2171, slip op. at 17 (1st Cir. Oct. 19, 2012).

On October 11, 2012, the panel in this case determined that the likelihood of success on the merits had been demonstrated here. It stated that, "[h]aving heard argument and carefully reviewed the record and the parties' filings, we are of the view that plaintiff-appellant has demonstrated a likelihood of success on the merits of her challenge to Art. 6.012 of the Electoral Code of Puerto Rico for the Twenty-First Century, Act No. 78, June 1, 2011. We also conclude that plaintiff-appellant has made the requisite showing of the potential for irreparable harm, her inability to vote in the upcoming Puerto Rico general election, if the preliminary relief requested is denied." That is the law of the case. According to a recent Supreme Court decision, Pepper v. United States, 131 S. Ct. 1229, 1250-51 (2011), "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation omitted).

The only reason this Court remanded the case, but decided to retain jurisdiction, was because said factors were found to exist and only as to the other two was it unable to form a decision due to the insufficiency of the record.

We thus ordered the District Court to conduct an emergency evidentiary hearing to make findings of fact regarding the third and fourth prongs of the Planned Parenthood standard. See

-2-

Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981). Said hearing entailed a significant amount of effort and costs to everyone involved.

The District Court fully complied with our order and certified its findings regarding the feasibility of granting relief if this Court acted quickly. As per Fed. R. Civ. P. 52(a)(6), "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses." No such clearly erroneous finding has been made, nor can it properly be made based on the record certified by the District Court. Constructora Mazda v. Banco de Ponce, 616 F.2d 573, 576 (1st Cir. 1980) (the clearly erroneous rule applies in all nonjury cases even when findings are based solely on documentary evidence or on inferences from undisputed facts).

This case is of crucial importance to the electorate of Puerto Rico. The remedy found by the District Court to be appropriate, which is based on the facts in the record, not speculative doomsday predictions, can still be put into effect and allow the voters removed in contravention to Federal law, to exercise this most fundamental of all constitutional rights.

At a minimum, I fail to see how any of the arguments made by the Defendants-Appellees, or the panel majority, have any relevance or can be applied to the Plaintiff-Appellant. At the very least, a remedy as to her should issue allowing her to vote.

By the Court:
/s/ Margaret Carter, Clerk

cc: Hon. Carmen Consuelo Cerezo, Ms. Frances de Moran, Clerk, United States District Court for the District of Puerto Rico, Carlos A. Del Valle Cruz, Rafael E. García-Rodón, Carlos M. Hernández-López, Juan Saavedra Castro, José L. Nieto-Mingo, Seth A. Erbe, David C. Indiano-Vicic, Jorge Martínez-Luciano, Pedro E. Ortiz-Álvarez, Emil J. Rodríguez-Escudero, Nelson N. Córdova-Morales, Francisco J. González-Magaz, Sasha Samberg-Champion & Jessica D. Silver.